


Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ruben Castillo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 9518 | **DATE** | 7/18/2002 |
| **CASE TITLE** | Webelene Bethea vs. IL State Police | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Defendant's motion to dismiss [8-1] is granted. Judgment is entered in favor of the Defendant and against the Plaintiff. Defendant's agreed motion to stay discovery is denied as moot. This case is dismissed with prejudice.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | **Document Number** |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | JUL 19 2002 | |
| | Notified counsel by telephone. | | date docketed | 19 |
| ✓ | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | U.S. DISTRICT COURT | | |
| RO | courtroom deputy's initials | 02 JUL 18 PM 2: 55 | date mailed notice | |
| | | date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| WEBELENE BETHEA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 01 C 9518 |
| v. | ) |
| | ) Judge Ruben Castillo |
| ILLINOIS STATE POLICE, | ) |
| | ) |
| Defendant. | ) |

**DOCKET**

**JUL 1 9 2002**

## MEMORANDUM OPINION AND ORDER

Plaintiff Webelene Bethea sues Defendant Illinois State Police ("ISP") for race discrimination and for retaliation based on her opposition to discrimination, pursuant to 42 U.S.C. § 1981 and § 1983 and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) *et seq*. Currently before the Court is ISP's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. ISP argues that Ms. Bethea should be barred from bringing this lawsuit on the basis of res judicata. For the reasons that follow, ISP's motion to dismiss is granted. (R. 8-1.)

## RELEVANT FACTS

### I. Ms. Bethea's First Lawsuit

On October 4, 2000, Ms. Bethea filed a § 1983 complaint against ISP and several ISP employees in federal court in the Northern District of Illinois ("Bethea I"). *Bethea v. Illinois State Police et al.*, No. 00 C 6110. At the time the first complaint was filed, ISP employed Ms. Bethea as a chemist. Ms. Bethea alleged that ISP disciplined her more harshly than other employees for making mistakes on the job because of personal animus and because she spoke out against ISP's alleged discriminatory practices. More specifically, Ms. Bethea claimed that

1

ISP denied her access to the Peer Review Program without justification. Ms. Bethea maintained that ISP's actions violated her First and Fourteenth Amendment rights to free speech and to be free from arbitrary and unequal treatment. Ms. Bethea sought a declaration that the defendants' conduct violated her constitutional rights and an injunction prohibiting the defendants from treating her differently from other chemists.

On June 14, 2001, Ms. Bethea filed a charge of race discrimination with the Equal Employment Opportunity Commission ("EEOC"), alleging violations of Title VII of the Civil Rights Act of 1964. She received a Notice of Right to Sue on September 15, 2001, which indicated that she had ninety days to file a civil action against ISP and the individual defendants. At no time did Ms. Bethea seek to amend her first complaint to add claims of discrimination under § 1981 or Title VII. Judge James Holderman, presiding over the suit, set May 1, 2001 as the deadline to amend pleadings.

On August 20, 2001, ISP filed a motion for summary judgment in Bethea I. On October 9, 2001, the district court granted ISP's motion for summary judgment. The minute order stated that the defendants' motion for summary judgment was granted and that the action was dismissed in its entirety with prejudice. (*See* R. 8-1, Mot. To Dismiss, Ex. B.) The memorandum attached to the minute order indicated that the court lacked jurisdiction, and that Ms. Bethea failed to raise any genuine issues of material fact to support her claims. The Bethea I Court concluded that they lacked jurisdiction on two grounds. First, the court dismissed ISP from the suit on the grounds that the state agency was entitled to Eleventh Amendment immunity. Second, the court held that it lacked jurisdiction over all of Ms. Bethea's claims because she failed to allege an actual case or controversy. Finally, the court proceeded to conclude that there were no genuine issues of material fact because there was no evidence of any

2

constitutional violations. In addition, the court found that in light of ISP's legitimate nondiscriminatory reason for terminating Ms. Bethea, Ms. Bethea failed to establish a genuine issue of material fact that ISP's reason was a pretext for discrimination.

## II. Ms. Bethea's Second Lawsuit

On December 13, 2001, Ms. Bethea filed the instant lawsuit against ISP ("Bethea II"). In the second complaint – brought under 42 U.S.C. § 1981 and § 1983 and Title VII – Ms. Bethea alleges that while she was employed by ISP she was disciplined more harshly than other employees, denied access to the Peer Review Program, discriminated against on the basis of her race and discriminated against in retaliation for speaking out against ISP. Bethea II also contains allegations of wrongful termination. Currently before this Court is ISP's motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

## LEGAL STANDARDS

A motion to dismiss tests the sufficiency of the complaint, not the merits of the suit. *Autry v. Northwest Premium Servs.*, 144 F.3d 1037, 1039 (7th Cir. 1998). When considering a motion to dismiss, this Court views all facts, as well as any inferences reasonably drawn from those facts, in the light most favorable to Plaintiff. *Id.* We will grant a motion to dismiss only if Plaintiff can prove no set of facts entitling her to relief. *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 432 (7th Cir. 1993). With these standards in mind, we now evaluate Defendant's motion to dismiss.

## ANALYSIS

### I. Res Judicata

Res judicata, or claim preclusion, bars relitigation of issues that were actually decided in a prior lawsuit or that could have been raised in that action. *Brzostowski v. Laidlaw Waste Sys.*

*Inc.*, 49 F.3d 337, 338 (7th Cir. 1995). Res judicata is appropriate when three elements are met: (1) identity of parties or privies in the two suits; (2) identity of the causes of actions in both suits; and (3) a final judgment on the merits in the earlier action. *Id.* (citations omitted).

ISP claims that all three elements for the application of res judicata are satisfied. Ms. Bethea argues that the second and third elements are not met. Specifically, Ms. Bethea contends that she could not have brought her Title VII claim in the first lawsuit, and that a final judgment on the merits was not rendered in Bethea I because the court dismissed the suit for lack of jurisdiction. This Court will proceed with consideration of whether the two lawsuits comprise identical causes of actions and whether the judgment in Bethea I constituted a final judgment on the merits.

### A. Identity of the Causes of Action

"A claim has identity with a previously litigated matter if it arises out of the same core of operative facts as that earlier action." *Brzostowski*, 49 F.3d at 338-39 (internal quotations omitted). Two claims are identical for the purpose of res judicata if they are based on the same, or nearly the same, factual allegations. *Id.* at 339. All claims arising out of the same core of operative facts must be alleged in the same proceeding, or else these claims will be precluded in the future. *Shaver v. F.W. Woolworth Co.*, 840 F.2d 1361, 1365 (7th Cir. 1988). Put another way, a mere change in legal theory does not create a new cause of action. *Alexander v. Chi. Park Dist.*, 773 F.2d 850, 854 (7th Cir. 1985). *See also Harper Plastics, Inc. v. Amoco Chems. Corp.*, 657 F.2d 939, 945 (7th Cir. 1981).

In this case, the Court concludes that the allegations made in Bethea I and Bethea II arise out of the same core of operative facts. In both complaints, Ms. Bethea claims that ISP subjected her to discriminatory treatment during her tenure as an employee. Both complaints

4

allege that Ms. Bethea was disciplined more harshly than other employees for making mistakes and denied access to the Peer Review Program because she spoke out against ISP's allegedly discriminatory employment practices.

Although the complaint in Bethea II includes allegations of wrongful termination that were absent from the complaint in Bethea I, Ms. Bethea could have and should have raised these claims in Bethea I. *See Shaver*, 840 F.2d at 1365. As noted by Judge Holderman in Bethea I, Ms. Bethea was terminated on November 9, 2000 – long before the May 1, 2001 deadline to amend pleadings in the first lawsuit. While Ms. Bethea is correct to point out that exhaustion of administrative remedies is a pre-condition to bringing a lawsuit under Title VII, exhaustion is complete when a Notice of Right to Sue is issued. *EEOC v. CNA Ins. Cos.*, 96 F.3d 1039, 1042 (7th Cir. 1996). Ms. Bethea received notice from the EEOC authorizing suit on September 15, 2001, and Bethea I was dismissed on October 9, 2001. Thus, Ms. Bethea had twenty-four days to amend her complaint to add a Title VII claim but she failed to do so. *See* Fed. R. Civ. P. 15(a) (stating that amendments by leave of court shall be freely given as justice requires). *See also Daugherity v. Traylor Bros., Inc.*, 970 F.2d 348, 351 (7th Cir. 1992). As such, the Court finds that there is identity of the causes of action in Bethea I and Bethea II.[1]

### B. Final Judgment on the Merits

A ruling granting a motion for summary judgment is on the merits and, therefore, has full res judicata effect. *See Winslow v. Walters*, 815 F.2d 1114, 1116 (7th Cir. 1987). *See also* Restatement (Second) of Judgments § 19 cmt. g (1982). In contrast, a judgment dismissing a

---

[1] Ms. Bethea also argues that she should be able to bring a second lawsuit because she adhered to the time guidelines required by Title VII. Ms. Bethea's timely filing of her Title VII claim, however, will not prevent the Court from applying res judicata. *See Herrmann v. Cencom Cable Assocs. Inc.*, 999 F.2d 223, 225 (7th Cir. 1993).

suit for lack of jurisdiction is not on the merits, and its res judicata effect is limited to the issues decided, namely the issue of jurisdiction. *Perry v. Sheahan*, 222 F.3d 309, 318 (7th Cir. 2000).

The Court finds that the disposition of Bethea I was a final judgment on the merits because – in addition to the jurisdictional rulings – Judge Holderman concluded that Ms. Bethea failed to establish a genuine issue of material fact that ISP violated her constitutional rights and that ISP's reason for her termination was pretext. (*See* R. 8-1, Mot. To Dismiss, Ex. B.) Furthermore, it is well established that a motion for summary judgment is on the merits. *See, e.g., Marques v. FRB*, 286 F.3d 1014, 1016 (7th Cir. 2002).

Even if we treat Bethea I as a dismissal for lack of jurisdiction and not as a final judgment on the merits – as Ms. Bethea urges us to do – the Court would bar the current lawsuit because Ms. Bethea was aware of certain facts before the dismissal of her first lawsuit (*i.e.*, her termination) that would have cured the jurisdictional deficiencies of that lawsuit. *See Magnus Elecs., Inc. v. La Republica Arg.*, 830 F.2d 1396, 1401-02 (7th Cir. 1987). As noted by the Seventh Circuit in *Magnus*, "it does not make sense to allow a plaintiff to begin the same suit over and over again in the same court, each time alleging additional facts that the plaintiff was aware of from the beginning of the suit, until it finally satisfies the jurisdictional requirements." *Id.* at 1401. Only facts arising after the *dismissal* of the first lawsuit, or at least the last opportunity to present facts to the court, will defeat preclusion. *Perry v. Sheahan*, 222 F.3d 309, 318 (7th Cir. 2000).

In this case, Ms. Bethea and her lawyers could have avoided the jurisdictional deficiencies of the first complaint by bringing all of her claims, including the § 1981 and Title VII claims, in a single lawsuit. When Ms. Bethea filed her Title VII charge with the EEOC on June 14, 2001, her first lawsuit against ISP was still pending. She could have asked the EEOC to

accelerate the administrative process or asked the district court in Bethea I to stay proceedings until the exhaustion of the administrative process. *See Herrmann*, 999 F.2d at 225. Instead, Ms. Bethea and her lawyers chose to do nothing to join her § 1981 and Title VII claims with her other cause of action. As noted by the Seventh Circuit, it is inefficient for a plaintiff to file all but the Title VII claim in one action and then bring another suit charging violations of Title VII alone. *Id.* In short, Ms. Bethea cannot file a second lawsuit against ISP and allege a new basis of jurisdiction that was available to her during the first lawsuit. *See Magnus*, 830 F.2d at 1402.

Finally, Ms. Bethea could have appealed the Bethea I dismissal, especially the failure to show pretext ruling that dooms any Title VII claim that Ms. Bethea might have brought. *See* 10A Charles Alan Wright, Arthur K. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2715 (3d ed. 2002). Instead, Ms. Bethea and/or her lawyers chose to file duplicative litigation. Therefore, for all of the foregoing reasons, Ms. Bethea's claims are barred under the doctrine of res judicata.

## CONCLUSION

Although the Court's decision in this case has grave implications for Ms. Bethea's claims, we urge the parties to reflect on the policy behind the doctrine of res judicata. Res judicata prevents a prevailing party from being dragged into court on the same or related claims and also conserves judicial resources. *See Warren v. McCall*, 709 F.2d 1183, 1184 (7th Cir. 1983). Ms. Bethea had the opportunity in Bethea I to litigate all her claims against ISP, including those arising out of her termination. As such, the doctrine of res judicata applies and Ms. Bethea is barred from bringing a second lawsuit.

7

Therefore, the Court grants ISP's motion to dismiss. (R. 8-1.) The Clerk of the Court is instructed, pursuant to Federal Rule of Civil Procedure 58, to enter judgment in favor of Defendant ISP and against Plaintiff Webelene Bethea.

ENTERED:

Judge Ruben Castillo
United States District Court

**Dated: July 18, 2002**